**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 11 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| JEFFREY ALEXANDER MAZARIEGOS-RODRIGUEZ,<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No. 21-1327<br><br>Agency No.<br>A206-634-524<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 7, 2023**
Pasadena, California

Before: CALLAHAN, R. NELSON, and BADE, Circuit Judges.

Jeffrey Alexander Mazariegos-Rodriguez petitions for review of the Board

of Immigration Appeals' ("BIA") affirmance of an immigration judge's ("IJ")

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). "Where, as here, the BIA summarily adopts the IJ's decision without opinion pursuant to 8 C.F.R. § 1003.1(e)(4), we review the IJ's decision as if it were the BIA's decision." *Antonio v. Garland*, 58 F.4th 1067, 1072 (9th Cir. 2023) (internal quotation marks and citation omitted). We have jurisdiction under 8 U.S.C. § 1252(a)(1). We deny the petition.

1. Timeliness is a threshold requirement for asylum eligibility. *Wakkary v. Holder*, 558 F.3d 1049, 1053 (9th Cir. 2009) (citing 8 U.S.C. § 1158(a)(2)(B)). The agency determined that Mazariegos-Rodriguez's asylum application, which was filed more than three years after he last entered the United States, was untimely and that no exceptions to the filing deadline were met. Mazariegos-Rodriguez does not challenge this dispositive finding and, thus, has waived review of it before this court. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079–80 (9th Cir. 2013) (stating that when a petitioner fails to contest an issue in his brief, it is deemed waived). Because the untimeliness finding is dispositive as to Mazariegos-Rodriguez's claim for asylum, we do not resolve Mazariegos-Rodriguez's challenges to the agency's alternative grounds for denying asylum, including the finding that Mazariegos-Rodriguez's asylum application was frivolous. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (citing *INS*

*v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.")).

2. The agency alternatively concluded that, even if Mazariegos-Rodriguez had filed a timely, non-frivolous asylum application and were considered credible, he was not entitled to asylum or statutory withholding of removal because he failed to demonstrate past persecution, a well-founded fear of future persecution, or the requisite nexus to a protected ground. Again, Mazariegos-Rodriguez does not challenge these dispositive findings. Therefore, he has waived review of these issues. *See Simeonov*, 371 F.3d at 538.

Because these unchallenged findings are dispositive of Mazariegos-Rodriguez's claims for asylum and withholding of removal, we need not consider his challenges to the adverse credibility determination or to the determination that his proposed particular social group was not cognizable. *See id.*

3. Substantial evidence supports the denial of CAT protection. The record, including an unchallenged determination that Mazariegos-Rodriguez did not suffer past persecution, does not compel the conclusion that it is more likely than not that Mazariegos-Rodriguez would be tortured by or with the acquiescence of the government if returned to Honduras. *See Guo v. Sessions*, 897 F.3d 1208, 1217 (9th Cir. 2018) (explaining that, for purposes of CAT relief, the concept of torture

is more severe than persecution) (citation omitted)); *see also Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (holding that "generalized evidence of violence and crime in Mexico [that] is not particular to [p]etitioners" did not satisfy the petitioners' burden).

**PETITION DENIED.**